UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| PLUMBERS LOCAL NO. 98 DEFINED BENEFIT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COVENTRY HEALTH CARE, INC., et al.,<br><br>Defendants. | No. 8:09-cv-02337-AW<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE COVENTRY INSTITUTIONAL INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

**I.   PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired the common stock of Coventry Health Care, Inc. ("Coventry" or the "Company") between February 9, 2007 and October 22, 2008, inclusive (the "Class Period") and alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

New England Teamsters & Trucking Industry Pension Fund, United Food and Commercial Workers Union Local 880 – Retail Food Employers Joint Pension Fund, and Southern California IBEW-NECA Pension Plan (collectively, the "Coventry Institutional Investor Group") hereby move this Court for an Order to: (i) appoint the Coventry Institutional Investor Group as Lead Plaintiff; and (ii) approve the Coventry Institutional Investor Group's selection of the law firm of Coughlin

Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and the law firm of Brown, Goldstein & Levy LLP ("Brown Goldstein") to serve as Liaison Counsel.

The Coventry Institutional Investor Group collectively suffered losses of approximately $4,324,967.08 in connection with its purchases of 136,400 shares of Coventry common stock during the Class Period. *See* Goldstein Decl., Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, the Coventry Institutional Investor Group, for the purposes of this motion, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND

Coventry operates as a managed healthcare company in the United States. The Company operates health plans, insurance companies, and network rental and workers compensation services companies.

The Action charges certain officers and directors of Coventry with violations of the Exchange Act. According to the complaint, throughout the Class Period, Defendants issued numerous materially false and misleading statements which failed to disclose that the Company engaged in a deliberate undisclosed under-pricing practice in an effort to obtain new members of Medicare Private-Fee-For-Service ("PFFS"), a new Medicare plan on which Coventry's future growth prospects were highly dependent. Through the employment of this practice, Defendants, as they knew or recklessly ignored, deceptively created the appearance that Coventry's new Medicare

---

[1]   References to the "Goldstein Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Daniel F. Goldstein, dated November 2, 2009 and submitted herewith.

PFFS initiative was capable of the high growth necessary to offset the Company's contracting Commercial business.

Defendants also knew or recklessly failed to disclose the true risks associated with Coventry's Medicare PFFS under-pricing strategies, including the fact that while Coventry's Medicare PFFS products were rapidly gaining market share, such gains were having a material adverse effect on the Company's profit margins and profitability. Unbeknownst to investors however, the true negative effects of such practice on the Company's profitability and profits margins were masked by improper claims assumptions that understated Coventry's health care claim costs.

Accordingly, Coventry's under-pricing strategies and other deceptive practices did not reflect the Company's true "medical loss ratio" ("MLR"). The MLR, or the ratio of expenses of providing healthcare services expressed as a percentage of insurance premiums, is a significant and closely watched financial indicator of healthcare companies. Generally, a low medical loss ratio is rewarded on Wall Street by higher stock prices since it indicates that a lower fraction of revenues are spent paying health care claims, translating into greater profits.

Also during the Class Period, Defendants issued false financial information and made false statements about Coventry's business, while concealing material adverse longer term trends. At the same time Defendants were issuing positive false and misleading statements about Coventry, Company insiders collectively sold more than 800,000 Coventry common shares for gross proceeds in excess of $46 million.

On June 18, 2008, Coventry issued a press release announcing that it had revised its 2008 outlook, reducing second quarter and full year 2008 earnings per share estimates. In response to the Company's earnings announcement, the price of Coventry common stock declined by more than

22%, from $40.00 to $31.30 per share, on very heavy trading volume. Then, on October 21, 2008, Coventry issued a press release announcing its financial results for its third quarter of 2008, the period ended September 30, 2008. In response to this announcement, the price of Coventry common stock declined from $28.49 per share to $13.93 per share, or more than 51%, on very heavy trading volume.

## III.   ARGUMENT

### A.   The Coventry Institutional Investor Group Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on September 3, 2009. *See* Goldstein Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the

interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. The Coventry Institutional Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. The Coventry Institutional Investor Group Has Complied With the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on November 2, 2009. Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice (published on September 3, 2009), the Coventry Institutional Investor Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Coventry Institutional Investor Group have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class.[2] *See* Goldstein Decl., Ex. C. In addition, the Coventry Institutional Investor Group has selected and

---

[2] Prior to the filing of this motion, all three members of the Coventry Institutional Investor Group held a conference call with one another and their selected counsel to discuss the filing of this motion and a strategy for their continued prosecution of this case.

retained competent counsel to represent them and the class. *See* Goldstein Decl. Exs. D-E. Accordingly, the Coventry Institutional Investor Group has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

      **b.**    **The Coventry Institutional Investor Group Has the Requisite Financial Interest in the Relief Sought By the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Goldstein Decl., Ex. C, the Coventry Institutional Investor Group purchased 136,400 shares of Coventry common stock in reliance upon the materially false and misleading statements issued by defendants and were injured thereby. In addition, the Coventry Institutional Investor Group incurred a substantial $4,324,967.08 loss on its transactions in Coventry common stock. The Coventry Institutional Investor Group thus has a significant financial interest in this case. Therefore, the Coventry Institutional Investor Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

      **c.**    **The Coventry Institutional Investor Group Otherwise Satisfies Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997). The Coventry Institutional Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.,* No. 03-cv-5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004).

The members of the Coventry Institutional Investor Group satisfy this requirement because, just like all other class members, they: (1) purchased Coventry common stock during the Class Period; (2) relied upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Coventry Institutional Investor Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Coventry Institutional Investor Group to represent the class to the existence of any conflicts between the interest of the Coventry Institutional Investor Group and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, the members of the Coventry Institutional Investor Group are adequate representatives of the class. As evidenced by the injuries suffered by the Coventry Institutional Investor Group, who purchased Coventry common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Coventry Institutional Investor Group are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Coventry Institutional Investor Group's interests and those of the other members of the class. Further, the Coventry Institutional Investor Group has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Coventry Institutional Investor Group's proposed

Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Coventry Institutional Investor Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve the Coventry Institutional Investor Group's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Coventry Institutional Investor Group has selected the law firm of Coughlin Stoia to serve as Lead Counsel and the law firm of Brown Goldstein to serve as Liaison Counsel. *See* Goldstein Decl., Exs. D-E. Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corporation Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. In addition, the attorneys at Brown Goldstein frequently practice before this Court and are fully capable of serving as Liaison Counsel in this action.

Accordingly, the Court should approve the Coventry Institutional Investor Group's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, the Coventry Institutional Investor Group respectfully requests that the Court: (i) appoint the Coventry Institutional Investor Group as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

| | |
|---|---|
| DATED:  November 2, 2009 | BROWN, GOLDSTEIN & LEVY LLP<br>DANIEL F. GOLDSTEIN (01036)<br>DANA W. MCKEE (04447) |

*/s/ Daniel F. Goldstein*
DANIEL F. GOLDSTEIN

120 E. Baltimore Street, Suite 1700
Baltimore, MD  21202
Telephone:  410/962-1030
410/385-0869 (fax)
dwm@browngold.com
dfg@browngold.com

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS, LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff

SCHWARZWALD McNAIR & FUSCO LLP
EBEN O. McNAIR IV
616 Penton Media Building
1300 East Ninth Street
Cleveland, OH  44114-1503
Telephone:  216/566-1600
216/566-1814 (fax)

Additional Counsel for Plaintiff