# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| PLUMBERS LOCAL NO. 98 DEFINED BENEFIT PENSION FUND, on behalf of itself and all others similarly situated, | ) ) ) ) Case No. 09-CV-02337 (AW) |
| Plaintiff, | ) ) Hon. Alexander Williams, Jr. |
| vs. | ) ) ) |
| COVENTRY HEALTH CARE, INC., et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MASSACHUSETTS PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
Steven J. Toll (Bar No. 15824)
Daniel S. Sommers (Bar No. 15822)
S. Douglas Bunch
1100 New York Ave
Suite 500 West
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Alan I. Ellman
Stefanie J. Sundel
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ckeller@labaton.com
aellman@labaton.com
ssundel@labaton.com

*Attorneys for the Massachusetts Public Pension Funds and Proposed Lead Counsel for the Class*

Bristol County Retirement System ("Bristol") and Plymouth County Retirement System ("Plymouth") (collectively, the "Massachusetts Public Pension Funds") respectfully submit this Memorandum of Law pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of their Motion for the entry of an order: (1) appointing the Massachusetts Public Pension Funds as Lead Plaintiff for a Class of all purchasers of Coventry Health Care, Inc. ("Coventry" or the "Company") securities from February 9, 2007 to October 22, 2008, inclusive (the "Class Period"); (2) approving the Massachusetts Public Pension Funds' selection of the law firm of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

Presently pending before the Court is a securities class action (the "Action") brought on behalf of purchasers of the securities of Coventry. The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), *see* 15 U.S.C. §§ 78j(b) and 78t(a), and Securities Exchange Commission ("SEC") Rule 10b-5, *see* 17 C.F.R. § 240.10b-5.

In accordance with the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4, and for the reasons set forth below, the Massachusetts Public Pension Funds respectfully move this Court for an Order appointing them Lead Plaintiff on behalf of themselves and all others similarly situated who purchased or otherwise acquired Coventry securities during the Class Period and incurred damages as a result of the Defendants' alleged violations of the federal

securities laws. The Massachusetts Public Pension Funds suffered losses of approximately $1,025,247 in connection with their purchases of Coventry stock. *See* Certifications & Loss Analysis, Declaration of Alan I. Ellman ("Ellman Decl.") Exs. 1-2. To the Massachusetts Public Pension Funds' knowledge, these losses exceed those of any other plaintiff or group of plaintiffs in this Action. Thus, under the PSLRA, the Massachusetts Public Pension Funds are presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiff because they have "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Massachusetts Public Pension Funds also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of the putative Class and they will fairly and adequately represent the interests of the Class.

In addition, the Massachusetts Public Pension Funds satisfy the adequacy and typicality requirements of Rule 23 because they are sophisticated institutional investors who stand in the shoes of all other class members and are ready and able to spearhead this litigation in the best interests of the class. Indeed, the PSLRA's legislative history shows that the Massachusetts Public Pension Funds are precisely the type of sophisticated institutional investor whose participation in securities class action the PSLRA was meant to foster. In short, the Massachusetts Public Pension Funds are the "most adequate plaintiff" and should be appointed Lead Plaintiff.

The Massachusetts Public Pension Funds are represented by Labaton Sucharow, which is seeking appointment as Lead Counsel, and Cohen Milstein, which is seeking appointment as Liaison Counsel. These firms are eminently qualified to prosecute securities fraud claims such as the ones asserted in the Action.

## FACTUAL BACKGROUND

Coventry operates as a managed healthcare company via health plans, insurance companies, and network rental and workers' compensation services companies. The Company offers risk and fee-based managed care products and services to a broad cross-section of individuals, employer- and government-funded groups, government agencies, and other insurance carriers and administrators, through its Commercial Business, Individual Consumer & Government Business, and Specialty Business divisions via a direct sales staff and a network of independent brokers.

Prior to the beginning of the Class Period, at the Company's Investor Day with securities analysts and investors on December 6, 2006, Coventry's executive management explained that while the Commercial Business division had been the cornerstone of the Company's business, going forward much of the Company's growth would emanate from its Individual Consumer and Government division, with a particular focus on its Medicare Private-Fee-For-Service ("PFFS") initiative. Accordingly, heading into the Class Period, Coventry's future growth prospects were highly dependent on this new initiative. Indeed, in early 2007, securities analysts noted that the key theme for Coventry's outlook was its push into the Medicare PFFS market as the membership and growth of its Commercial business had stalled. In fact, in a February 2007 research report, JP Morgan Securities referred to Coventry's Commercial business as its "Achilles heel."

Throughout the Class Period, Defendants issued numerous materially false and misleading statements which failed to disclose that the Company engaged in a deliberate, undisclosed under-pricing practice to obtain new Medicare PFFS members. Through the

employment of this practice, Defendants, as they knew or recklessly ignored, deceptively created the appearance that Coventry's new Medicare PFFS initiative was capable of the high growth necessary to offset the Company's contracting Commercial business. Defendants knew or recklessly failed to disclose the true risks associated with Coventry's Medicare PFFS under-pricing strategies, including the fact that while Coventry's Medicare PFFS products were rapidly gaining market share, such gains were having a material adverse effect on the Company's profit margins and profitability. Unbeknownst to investors, however, the true negative effects of such practice on the Company's profitability and profit margins were masked by improper claims assumptions that understated Coventry's healthcare claim costs.

     Accordingly, Coventry's under-pricing strategies and other deceptive practices did not reflect the Company's true medical loss ration ("MLR"). The MLR, or the ration of expenses of providing healthcare services expressed as a percentage of insurance premiums, is a significant and closely-watched financial indicator of healthcare companies. Generally, a low MLR is rewarded on Wall Street by higher stock prices since it indicates that a lower fraction of revenues are spent paying healthcare claims, translating into greater profits.

     During the Class Period, Defendants issued false financial information and made false statements about Coventry's business, while concealing material adverse longer-term trends. At the same time defendants were issuing positive false and misleading statements about Coventry, Company insiders collectively sold more than 800,000 Coventry common shares for gross proceeds in excess of $46 million.

## ARGUMENT

### I.   THE MASSACHUSETTS PUBLIC PENSION FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth a procedure for selecting Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(l) and (3)(B).  Specifically, Section 2lD(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 US.C. § 78u-4(a)(3)(A)(i).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is to consider any motion made by class members and appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of the class.  Specifically, the PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that **the court determines to be most capable of adequately representing the interests of class members** (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

5

In adjudicating this motion, the Court shall be guided by a presumption that the "most adequate plaintiff" is the person or group of persons who: (a) filed a complaint or made a motion to serve as Lead Plaintiff; (b) has the largest financial interest in the relief sought by the class; and (c) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003).  This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  *See also Royal Ahold*, 219 F.R.D. at 348; *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B. The PSRLA Mandates That the Massachusetts Public Pension Funds Should Be Appointed Lead Plaintiff

As discussed below, the Massachusetts Public Pension Funds are presumptively the most adequate plaintiff because they have satisfied all of the PSLRA's procedural requirements, hold the largest financial interest of any movant, and satisfy Rule 23's typicality and adequacy requirements.

#### 1. The Massachusetts Public Pension Funds Satisfies the PSLRA's Procedural Requirements

The Massachusetts Public Pension Funds have filed this Motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Action caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely circulated, national, business-oriented news service, on September 3, 2009.  *See* Ellman Decl. Ex. 3.  Thus,  as permitted by Sections 21D(a)(3)(A) and (B) of the

Exchange Act, any person who is a member of the proposed Class may apply to be appointed as Lead Plaintiff by the Court within sixty (60) days after publication of the notice, *i.e.*, on or before November 2, 2009. The Massachusetts Public Pension Funds have filed their motion within the required time frame.

### 2. The Massachusetts Public Pension Funds Possesses the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person (or persons) or entity (or entities) with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Massachusetts Public Pension Funds suffered substantial losses of $1,025, 247, calculated using either the last-in-first-out ("LIFO") method of accounting for purchases, or the first-in-first-out ("FIFO") method of accounting for purchases and sales. *See* Loss Analysis, Ellman Decl. Ex. 2. The Massachusetts Public Pension Funds are presently unaware of any other movant with a larger financial interest in the outcome of this litigation. Consequently, the Massachusetts Public Pension Funds are entitled to the legal presumption that they are the most adequate plaintiff, given that they also satisfies Rule 23's typicality and adequacy requirements.

### 3. The Massachusetts Public Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to the largest financial interest requirement, the PSLRA also requires that the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc). With respect to the claims of the class representative, Rule 23(a) requires that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are

questions of law or fact common to the class; (c) such claims are typical of those of the class; and (d) the representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

### (a) The Massachusetts Public Pension Funds Fulfill the Typicality Requirement

However, "[a] wide-ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for . . . consideration of a motion for class certification." *In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 566 (D. Md. 2001) (citing *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998)). In this regard, typicality and adequacy of representation "are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *accord Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *Royal Ahold*, 219 F.R.D. at 350.

The typicality requirement of Rule 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." Fed. R. Civ. P. 23(a)(3); *see also Royal Ahold*, 219 F.R.D. at 350 ("typicality is satisfied if the movant's claim arises from the same course of events . . . and relies on similar legal theories"). In other words, typicality is demonstrated where the movant's claims "arise from the same conduct from which the other class members' claims and injuries arise . . . ." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002); *see also In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993). As one court noted, "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identi[fication] between the claims constituting each

individual action is not required." *Chisholm v. TranSouth Fin. Corp.*, 184 F.R.D. 556, 563-64 (E.D. Va. 1999) (quotations omitted).

The typicality requirement is plainly satisfied in this case, where the Massachusetts Public Pension Funds seek the same relief and advances the same legal theories as other class members. They allege, as do all Class members, that Defendants violated federal securities laws. The Massachusetts Public Pension Funds, as did all members of the Class, acquired Coventry securities at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3). *See Royal Ahold*, 219 F.R.D. at 350.

### (b) The Massachusetts Public Pension Funds Fulfills the Adequacy Requirement

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (citation omitted); *see also Royal Ahold*, 219 F.R.D. at 350.

The Massachusetts Public Pension Funds are adequate representatives for the Class. There is no antagonism between the Massachusetts Public Pension Funds' interests and those of the Class. Indeed, the interests of the Massachusetts Public Pension Funds and absent Class member investors are squarely aligned. Moreover, the Massachusetts Public Pension Funds have

9

retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and have timely submitted their choice to the Court for approval, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Furthermore, the Massachusetts Public Pension Funds suffered a substantial loss in the form of the diminution of value in the price of their Coventry stock. As such, the Massachusetts Public Pension Funds have a sufficient interest in the outcome of the case to ensure vigorous prosecution of this Action. Therefore, the Massachusetts Public Pension Funds satisfy the adequacy requirement.

### 4.   The Massachusetts Public Pension Funds are the Prototypical Lead Plaintiff Envisioned By the PSLRA

In addition to satisfying the requirements of Rule 23, the Massachusetts Public Pension Funds are precisely the type of large, sophisticated institutional investors – the prototypical lead plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733.

Bristol represents more than 6,000 active and retired public employees of Bristol County, Massachusetts, and manages approximately $447 million in assets. Plymouth represents more than 11,400 active and retired public employees of Plymouth County, Massachusetts, and manages approximately $687 million in assets. Bristol and Plymouth are sophisticated institutional investors with vast resources sufficient to adequately litigate this action and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001)

(noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-cv-4617 (RJH), 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006) (same). The Massachusetts Public Pension Funds have previously protected the interests of shareholders in other securities class actions and understand the fiduciary duties of lead plaintiff. *See* Certifications, Ellman Decl. Ex. A. In addition, Bristol and Plymouth enjoy a long-standing pre-existing working relationship and share joint membership in Massachusetts-based retirement system organizations. Thus, as demonstrated above, the Massachusetts Public Pension Funds are the prototypical lead plaintiff under the PSLRA.

## II. THE COURT SHOULD APPROVE THE MASSACHUSETTS PUBLIC PENSION FUNDS' SELECTION OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel for the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *Cendant*, 264 F.3d at 274; *accord, e.g., In re Smith Barney Transfer Agent Litig.*, 05 civ. 7583, 2006 WL 991003, at *6 (S.D.N.Y. Apr. 17, 2006).

The Massachusetts Public Pension Funds have selected Labaton Sucharow to serve as Lead Counsel. Labaton Sucharow has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. 4; *see also In re Waste Mgmt., Inc. Sec. Litig.,* 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be

11

knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group, HealthSouth, Countrywide, Bear Stearns, Fannie Mae, Satyam, Royal Bank of Scotland, and others. In *In re Monster Worldwide, Inc. Sec. Litig.*, No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation." (*Id.,* Hrg. Tr. 24:25-25:1, June 14, 2007).

The Massachusetts Public Pension Funds also have selected and retained Cohen Milstein, a well-respected securities litigation firm, as plaintiffs' Liaison Counsel for the Class. *See* Cohen Milstein Firm Resume, Ellman Decl. Ex. 5. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, the Massachusetts Public Pension Funds respectfully request that the Court: (1) appoint the Massachusetts Public Pension Funds as Lead Plaintiff; (2) approve the Massachusetts Public Pension Funds' selection of Labaton Sucharow LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC, as Liaison Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED:  November 2, 2009							Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

  /s/ Steven J. Toll

Steven J. Toll (Bar No. 15824)
Daniel S. Sommers (Bar No. 15822)
S. Douglas Bunch
1100 New York Ave
Suite 500 West
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Alan I. Ellman
Stefanie J. Sundel
140 Broadway
New York, NY 10005
Tel.: (212) 907-0700
Fax: (212) 818-0477
ckeller@labaton.com
aellman@labaton.com
ssundel@labaton.com

*Attorneys for the Massachusetts Public Pension Funds and Proposed Lead Counsel for the Class*