IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re Coventry Health Care, Inc. Securities Litigation | : : : : : : : | Master File No. 09-02337 |
| This Document Relates to:  ALL ACTIONS |  |  |

**DEFENDANTS' RESPONSE TO MOTIONS SEEKING APPOINTMENT OF
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Defendants Coventry Health Care, Inc., Dale B. Wolf, Shawn M. Guertin, and John J. Ruhlmann (collectively "Defendants") hereby submit this Response to the (1) Motion of the County of York Employees Retirement Plan for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel,  (2) Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel filed by Movants New England Teamsters & Trucking Industry Pension Fund, United Food and Commercial Workers Union Local 880 – Retail Food Employers Joint Pension Fund and Southern California IBEW-NECA Pension Plan and (3) Motion of the Massachusetts Public Pension Funds for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (collectively, the "Motions").

The Defendants recognize that there is disagreement among the courts as to whether defendants have standing under the Private Securities Litigation Reform Act of 1995 ("PSLRA") to oppose the appointment of lead plaintiffs.  Compare In re Lucent Techs., Inc. Sec. Litig., 194 F.R.D. 137, 150 n.17 (D.N.J. 2000) ("Generally, a defendant or defendants may not object to the adequacy or typicality of the proposed lead plaintiff at this preliminary stage of the litigation."; citing cases in support thereof), with Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co. Inc., 229 F.R.D. 395, 406 n.16 (S.D.N.Y. 2004) (recognizing split in authority

on whether a defendant has standing to oppose a motion to appoint a lead plaintiff and class counsel in a federal securities class action, but determining defendants had standing). The weight of authority in this Circuit suggests that defendants generally do not have standing under the PSLRA to challenge whether the proposed lead plaintiffs are adequate. See In re USEC Sec. Litig., 168 F. Supp. 2d 560, 565 (D. Md. 2001) (noting defendants do not have standing to "challenge whether the movants satisfied the statutory criteria to be adequate lead plaintiffs" but allowing defendant to "object to the adequacy of certification and notice, inasmuch as they are procedural prerequisites for the court's consideration of a motion for appointment of a lead plaintiff"); Johnson v. Pozen Inc., 2008 WL 474334, at *1, n.2 (M.D.N.C. Feb. 15, 2008) ("The consensus among courts is that Defendants have no standing to object to the proposed Plaintiff's motion because 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) expressly authorizes only class members to rebut the presumption that the proposed Lead Plaintiff is appropriate."); Saratoga Advantage Trust v. ICG, Inc., 2009 WL 777865, at *2 (S.D.W. Va. Mar. 20, 2009) ("By its terms the PSLRA does not contemplate defendants' involvement in the lead plaintiff appointment process; yet, the court is not inclined to reject pertinent information on the lead plaintiff issue merely because of its source.").

The Defendants reserve their right to contest class certification at the appropriate time on any and all grounds including, but not limited to, the adequacy and typicality of the lead plaintiffs. See, e.g., USEC, 168 F. Supp. 2d at 566 (noting that "[a] wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for the Court's later consideration of a motion for class certification"); Gluck v. Cellstar Corp., 976 F. Supp. 542, 550 (N.D. Tex. 1997) (holding that defendants lack standing to oppose appointment of lead plaintiffs at this stage, but Court's finding as to appointment is without prejudice to later

challenges at class certification stage); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 60 (D. Mass. 1996) (concluding that determination to "appoint a person or persons as lead plaintiff must be without prejudice to the possibility of revisiting that issue in considering a motion for class certification"); Lucent, 194 F.R.D. at 150 n.17 ("The opportunity for Lucent and, or, the Individual Defendants to contest, if appropriate, class certification on these grounds is preserved.").

    Accordingly, in view of the Defendants' lack of standing and their ability to raise objections at a later stage, the Defendants do not take a position with respect to the Motions for appointment of lead plaintiffs and lead counsel in the above consolidated actions.

Dated: November 19, 2009        MORGAN, LEWIS & BOCKIUS LLP

Grace E. Speights
Maryland Federal Bar #05254
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone: 202.739.3000

s/ Karen Pieslak Pohlmann
Marc J. Sonnenfeld (Admitted *pro hac vice*)
Karen Pieslak Pohlmann (Admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Fax: 215.963.5001

*Attorneys for Defendants Coventry Health Care, Inc., Dale B. Wolf, Shawn M. Guertin, and John J. Ruhlmann*