UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re Coventry Health Care, Inc. | : | |
| Securities Litigation | | Master File |
| _____ | : | No.: 09-2337 |
| | | |
| This Document Relates to:  All Actions | : | |
| _____ | | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE COVENTRY INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

Institutional investors  New England Teamsters & Trucking Industry Pension Fund ("New England Teamsters"), United Food and Commercial Workers Union Local 880 – Retail Food Employers Joint Pension Fund ("UFCW 880"), and Southern California IBEW-NECA Pension Plan ("SoCal IBEW-NECA") (collectively, the "Coventry Institutional Investor Group") respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiff and approval of selection of Lead and Liaison Counsel, and in opposition to the competing motions filed by: (i) Bristol County Retirement System ("Bristol County") and  Plymouth County Retirement System ("Plymouth County"); and (ii) County of York Employees Retirement Plan ("York County").

**I.   PRELIMINARY STATEMENT**

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which governs the pending motions in this case, directs the Court to "appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members" in this litigation. 15 U.S.C. §78u-4(a)(3)(B)(i) (emphasis added).  Pursuant to the PSLRA, the presumptively most adequate plaintiff is the investor who: (1) "has the largest financial interest in the relief sought by the class;" and (2) "otherwise

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

The Coventry Institutional Investor Group has, by far, the largest financial interest of any movant and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. As set forth in the certification filed in support of its motion, the Coventry Institutional Investor Group – which is comprised of three institutional investors, each claiming losses of more than $1 million – has lost in excess of $4.3 million on its purchases of Coventry Health Care, Inc. ("Coventry") common stock during the Class Period. As detailed further herein, ***not only is this the largest loss reported by any movant individually or collectively, but it is larger than the losses of the two other movants combined.*** Moreover, the losses of SoCal IBEW-NECA (a member of the Coventry Institutional Investor Group) alone ($1.779 million) are larger than the reported losses of any other movant. In accordance with the formula set forth in the PSLRA, the competing motions should therefore be denied, as those movants represent significantly smaller losses than the losses sustained by the Coventry Institutional Investor Group.

For these reasons, and as set forth below in further detail, it is respectfully submitted that the Court grant the motion of the Coventry Institutional Investor Group in full, appoint it as Lead Plaintiff for the Class, approve of its selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and the law firm of Brown, Goldstein & Levy LLP ("Brown Goldstein") to serve as Liaison Counsel, and deny the competing motions.

II. ARGUMENT

    A.    **The Procedures Required by the PSLRA for the Appointment of Lead Plaintiff**

Section 21D of the PSLRA provides that, in securities class actions, courts "shall appoint as lead plaintiff(s) the member or members of the purported plaintiff class that the court determines to

be most capable of adequately representing the interests of the class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the ***largest financial interest*** in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
>
> 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added).

The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person or entity with the largest financial interest in the relief sought. In order to rebut that presumption, the competing movants must offer proof that the Coventry Institutional Investor Group is not adequate or typical to represent the Class. *See In re Cardinal Health Inc. Sec. Litig.*, 226 F.R.D. 298, 302 (S.D. Ohio 2005) ("To determine which candidate should be Lead Plaintiff, the Court engages in a two-step inquiry, calculating which candidate has the largest financial interest, and then determining whether that candidate meets the typicality and adequacy requirements of Rule 23(a).") (citation omitted). As set forth herein, the Coventry Institutional Investor Group is the presumptive Lead Plaintiff and none of the other movants can offer any type of proof to rebut that presumption. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (stating that "proof" is required to rebut the presumption afforded to the presumptive lead plaintiff).

      **1.    The Coventry Institutional Investor Group Has the Largest Financial Interest in This Litigation**

While the PSLRA does not specify how to decide which plaintiff has the "largest financial interest" in the relief sought, it is often determined most simply by which potential lead plaintiff has

3

suffered the greatest total losses. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005). The following chart sets forth the claimed losses of the various movants:

| Movant | Claimed Financial Interest |
|---|---|
| **Coventry Institutional Investor Group** | **$4,324,967.08** (with each member claiming losses in excess of $1 million and one member claiming losses of $1.779 million) |
| Bristol County and Plymouth County | $1,025,246.83 (combined losses of 2 funds) |
| York County | $339,396 |

As shown above, the Coventry Institutional Investor Group unquestionably has the greatest financial interest in this litigation, with SoCal IBEW-NECA (a member of the Coventry Institutional Investor Group) alone reporting the single largest loss of any movant ($1.779 million) and losses that individually exceed those reported by the other movants combined. Accordingly, the Coventry Institutional Investor Group is the presumptive Lead Plaintiff.

### 2. The Coventry Institutional Investor Group Satisfies the Requirements of Rule 23

Under the PSLRA, once a court finds that a movant has the largest financial interest in the litigation and is otherwise adequate and typical, as is the case with the Coventry Institutional Investor Group here, the court must appoint that plaintiff as lead plaintiff unless the court finds that the movant has not made a *prima facie* showing of adequacy and typicality. *See Haung v. Acterna Corp.*, 220 F.R.D. 255, 257 (D. Md. 2004); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *17 (S.D.N.Y. July 20, 2004) ("At this stage in the litigation, one need only make a preliminary showing that the Rule's typicality and adequacy requirements have been satisfied.") (internal citation omitted); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). In this regard, the court in *Cavanaugh* stated:

> [A] straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.

306 F.3d at 732.

The Coventry Institutional Investor Group satisfies the typicality and adequacy requirements of Rule 23. The claims of the Coventry Institutional Investor Group are typical of the claims of the rest of the Class because, just like all other Class members, the members of the Coventry Institutional Investor Group purchased Coventry common stock during the Class Period in reliance upon the allegedly materially false and misleading statements issued by defendants, and suffered damages thereby. Thus, the Coventry Institutional Investor Group's claims are typical of those of other Class members since its claims and the claims of other Class members arise out of the same course of events. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008) ("Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (internal citation omitted).

The Coventry Institutional Investor Group is also an adequate representative of the Class. As evidenced by the injuries suffered by the Coventry Institutional Investor Group, who purchased Coventry common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Coventry Institutional Investor Group are clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between the Coventry Institutional Investor Group's interests and those of the other members of the Class.

The Coventry Institutional Investor Group has also taken significant steps which demonstrate that it will protect the interests of the Class: it has retained highly qualified and experienced counsel

to prosecute these claims. In that regard, the Coventry Institutional Investor Group has selected the law firm of Coughlin Stoia as Lead Counsel. Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. In addition, the attorneys at Brown Goldstein frequently practice before this Court and are fully capable of serving as Liaison Counsel in this action.

Moreover, the three members of the Coventry Institutional Investor Group are each institutional investors who are experienced in acting as fiduciaries, and who fit the profile of the type of lead plaintiff preferred by Congress: New England Teamsters has over $2.9 billion in assets and approximately 72,500 participants; UFCW 880 has over $313 million in assets and approximately 6,175 participants; and SoCal IBEW has over $970 million in assets and approximately 12,500 participants. *See Haung*, 220 F.R.D. at 258 ("Ideally, courts will appoint institutional investors with large holdings in the stock as lead plaintiff.") (quoting *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1066 (C.D. Cal. 1999)); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 353 (D. Md. 2003) (stating that the "purpose of the lead plaintiff provision is to involve institutional investors in the prosecution of securities class action suits") (citation omitted); *Zaltzman v. Manugistics Group, Inc*., No. S-98-1881, 1998 U.S. Dist. LEXIS 22867, at *13 (D. Md. Oct. 8, 1998) ("Congress thus endeavored to promote the active participation of institutional investors in these cases: 'Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.'") (quoting *Ravens v. Iftikar*, 174 F.R.D. 651, 733 (N.D. Cal. 1997)).

In fact, Congress, in passing the PSLRA, expressed a strong preference for plaintiffs, such as the Coventry Institutional Investor Group, to be appointed Lead Plaintiff. The legislative history of the PSLRA demonstrates this clear Congressional intent:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs . . . . The Conference Committee believes that . . . with pension funds accounting for $4.5 trillion or nearly half of the institutional assets [of the equity market] . . . institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

House Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 34 (1995); *see also In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MD 1529 (LMM), 2005 U.S. Dist. LEXIS 19052, at *4-*6 (S.D.N.Y. Sept. 1, 2005).

In keeping with that Congressional intent, courts in this Circuit, as well as others, consistently appoint groups of pension and retirement funds as lead plaintiffs pursuant to the PSLRA. *See In re Mills Corp. Secs. Litig.,* No. 1:06-77 (GBL), 2006 U.S. Dist. LEXIS 50485 (E.D. Va. May 30, 2006) (appointing a group of institutional investors with the largest financial interest as lead plaintiff); *In re Krispy Kreme Doughnuts, Inc. Sec. Litig.*, No. 1:04cv00416, 2004 U.S. Dist. LEXIS 26282 (M.D.N.C. Oct. 6, 2004) (appointing group of four institutional investors as lead plaintiff); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13 (D.D.C. 2006) (appointing institutional investors with the largest financial interest as lead plaintiff).[1]

---

[1] As the PSLRA specifically allows for the appointment of multiple investors to serve as lead plaintiffs, by stating that a court, "shall appoint as lead plaintiff the member ***or members*** of the purported plaintiff class that the court determines to be most capable of adequately representing" the class (15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added)), courts also routinely appoint groups of individual investors as lead plaintiff. *See, e.g., In re USEC Sec. Litig*., 168 F. Supp. 2d 560 (D. Md. 2001) (appointing group of investors as lead plaintiff).

Thus, the Coventry Institutional Investor Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion since each of its three members: (i) is an institutional investor; (ii) claims larger individual losses than any other movant; and (ii) has suffered losses in excess of $1 million. Accordingly, the Coventry Institutional Investor Group's motion should be granted.

### B.  The Competing Motions Should Be Denied

As set forth above, both Bristol County/Plymouth County and York County claim far smaller losses than the Coventry Institutional Investor Group, and thus do not possess the largest financial interest in the relief sought by the Class. Accordingly, their motions should be denied.

### III.  CONCLUSION

For all the reasons stated herein and in its prior submission, it is respectfully submitted that the Coventry Institutional Investor Group's motion for appointment as Lead Plaintiff and approval of its selection of Lead and Liaison Counsel should be granted and the competing motions should be denied.

DATED:  November 19, 2009         BROWN, GOLDSTEIN & LEVY LLP
                                  DANIEL F. GOLDSTEIN (01036)
                                  DANA W. MCKEE (04447)


                                         */s/ Daniel F. Goldstein*
                                  DANIEL F. GOLDSTEIN

                                  120 E. Baltimore Street, Suite 1700
                                  Baltimore, MD  21202
                                  Telephone:  410/962-1030
                                  410/385-0869 (fax)
                                  dwm@browngold.com
                                  dfg@browngold.com

                                  [Proposed] Liaison Counsel

8

        COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS, LLP
        SAMUEL H. RUDMAN
        DAVID A. ROSENFELD
        MARIO ALBA JR.
        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)

        [Proposed] Lead Counsel for Plaintiff

        SCHWARZWALD McNAIR & FUSCO LLP
        EBEN O. McNAIR IV
        616 Penton Media Building
        1300 East Ninth Street
        Cleveland, OH  44114-1503
        Telephone:  216/566-1600
        216/566-1814 (fax)

        Additional Counsel for Plaintiff