UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| In re COVENTRY HEALTHCARE, INC. SECURITIES LITIGATION ) ) ) | Master File No. 8:09-cv-02337-AW |
| ) | CLASS ACTION |
| ) | |
| This Document Relates To: ) | |
| ) | |
| ALL ACTIONS. ) ) | |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

818232_4

WHEREAS, a consolidated action is pending before this Court styled *In re Coventry Healthcare, Inc. Securities Litigation*, Master File No. 8:09-cv-02337-AW (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated May 20, 2013, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on October 28, 2013, at 12 p.m., at the United States District Court, District of Maryland, United States Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20770, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.12 of the Settlement Agreement should be entered; whether the proposed Plan of Distribution should be approved; and to determine any amount of attorneys' fees and expenses that should be awarded to Lead Counsel; to hear any objections by Class

- 1 -

818232_4

Members to the Settlement Agreement or Plan of Distribution or any award of fees and expenses to Lead Counsel; and to consider such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies a Class defined as all Persons who purchased Coventry common stock between February 9, 2007 and October 22, 2008, inclusive. Excluded from the Class are:

(a) Persons or entities who submit valid and timely requests for exclusion from the Class; and

(b) Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of any Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the size of the Class is so numerous that it would be impracticable to join all Class Members as individual parties; (b) the claims of the Lead Plaintiffs are typical of the claims of the members of the Class; (c) there are questions of law and fact common to the Class which predominate over any individual question; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented the interests of the Class; and (e) a class action is the superior method for resolving the disputes between the parties.

5. Should the Settlement not be finally approved or should the Settlement Agreement be terminated as provided therein, the Class shall be deemed decertified and entry of this Order shall not

818232_4

prejudice the rights of Defendants to oppose certification of this action pursuant to Federal Rule of Civil Procedure 23.

6. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than July 25, 2013, Coventry will use reasonable efforts to cause its transfer agent to provide to the Claims Administrator in a computer-readable format, the last known names and addresses of all Coventry shareholders of record during the Class Period, to the extent those records are reasonably available. Coventry shall bear the expense of providing such names and addresses;

(b) Not later than August 2, 2013 (the "Notice Date"), Lead Counsel and/or the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c) Not later than August 2, 2013 the Claims Administrator shall post the Settlement Agreement and all of its exhibits on its website at www.gilardi.com;

(d) Not later than August 12, 2013 the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*; and

- 3 -

818232_4

(e) Not later than October 7, 2013 Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, the Claims Administrator shall, at Coventry's expense, serve proper notice of the proposed Settlement upon the United States Attorney General and each State Attorney General. Simultaneously, the Claims Administrator shall provide a copy of such notice as well as proof of service of such notice to counsel for Lead Plaintiffs and Defendants.

8. Nominees who purchased Coventry common stock for the benefit of another Person during the period from February 9, 2007 through October 22, 2008, inclusive, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Coventry securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

9. Other than the cost of providing Coventry's transfer records to the Claims Administrator and to pay for the CAFA notice and as otherwise provided for in the Settlement Agreement, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

10. All members of the Class (except Persons who request exclusion pursuant to ¶13 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of

whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

11. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

12. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than September 26, 2013. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Coventry common stock from February 9, 2007 to October 22, 2008, inclusive, including the dates, the number of shares of Coventry common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be

818232_4

excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

14. Copies of all Requests for Exclusion received shall be delivered to Defendants' counsel by the Claims Administrator or Lead Counsel within five (5) business days of receipt by the Claims Administrator but in no event later than October 21, 2013.

15. Any member of the Class may appear and object if he, she, or it has any reason why the Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to Lead Counsel, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, David A. Rosenfeld, 58 South Service Road, Suite 200, Melville, NY 11747; Robbins Geller Rudman & Dowd LLP, Jeffrey D. Light, 655 West Broadway, Suite 1900, San Diego, CA 92101; Morgan, Lewis & Bockius LLP, Marc J. Sonnenfeld, 1701 Market Street, Philadelphia, PA 19103 on September 26, 2013 and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of Maryland, on or before September 26, 2013. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any

- 6 -

818232_4

objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

17. All papers in support of the Settlement, Plan of Distribution, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than September 6, 2013 and any reply papers shall be filed and served no later than October 21, 2013.

18. The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Settlement Agreement.

21. Neither the Settlement Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or

- 7 -

818232_4

may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

- 8 -

818232_4

23. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: July 15, 2013

*Alexander Williams Jr.*
THE HONORABLE ALEXANDER WILLIAMS, JR.
UNITED STATES DISTRICT JUDGE