_____ FILED          _____ ENTERED
_____ LOGGED      _____ RECEIVED

OCT 2 9 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY                                                    DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re COVENTRY HEALTHCARE, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 8:09-cv-02337-AW |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

818345_6

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated July 15, 2013, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement dated May 20, 2013.  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

       1.      This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

       2.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

       3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies the Class defined as all Persons who purchased Coventry common stock between February 9, 2007 and October 22, 2008, inclusive.  Excluded from the Class are:

       (a)      Persons or entities who submit valid and timely requests for exclusion from the Class (listed on Exhibit 1 attached hereto); and

       (b)      Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of any Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

818345_6

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the size of the Class is so numerous that it would be impracticable to join all Class Members as individual parties; (b) the claims of the Lead Plaintiffs are typical of the claims of the members of the Class; (c) there are questions of law and fact common to the Class which predominate over any individual question; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented the interests of the Class; and (e) a class action is the superior method for resolving the disputes between the parties.

5.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Settlement Agreement and herein.

8.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiffs shall, and each of the Class Members who have not validly opted out of the Class on behalf of themselves, their precedessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors,

- 2 -

818345_6

administrators, successors, and assigns of each of them shall be deemed to have, and by operation of this

Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released

Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of

Claim and Release.

9.      Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly

opted out of the Class on behalf of themselves, their predecessors, successors, agents, representatives,

attorneys and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them

shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released,

relinquished, and discharged against the Released Persons (whether or not such Class Members execute and

deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation,

Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense,

settlement, or resolution of the Action or the Released Claims.

10.     Upon the Effective Date, Lead Plaintiffs and the Class Members on behalf of themselves,

their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and

assigns, shall be deemed to have, and by operation of this Judgment shall have, expressly waived the

benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR
> DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME
> OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions, rights and benefits conferred by any law of any state or territory of the United

States or principle of common law, which is similar, comparable or equivalent to California Civil Code

§1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from

those which he, she or it now knows or believes to be true with respect to the subject matter of the Released

- 3 -

818345_6

Claims, but Lead Plaintiffs shall expressly, and Lead Plaintiff and each Class Member on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives and assigns, upon the Effective Date, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, whether concealed or hidden, which now exist, or heretofore have existed, arising under United States federal, state, local, statutory, or common law, or any other law, rule or regulation whether foreign or domestic, or upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of this Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

11.    Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

12.    Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiffs and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released,

- 4 -

relinquished, and discharged Defendants and Defendants' counsel from all claims (including the Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action and the Released Claims.

13.     Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

14.     The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Notice Order constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law.

15.     Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16.     Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be

- 5 -

deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

18.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

20.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

21.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _October 29, 2013_     _Alexander Williams Jr._
                                     THE HONORABLE ALEXANDER WILLIAMS, JR.
                                     UNITED STATES DISTRICT JUDGE

818345_6

**EXHIBIT 1**



RECEIVED EC
SEP 0 9 2013
CLAIMS CENTER

# Exclusion Cover Page

Case Name:  Coventry Healthcare, Inc

Case Code:  COVENTRY

Exclusion Deadline:  9/26/2013 (Postmark Date)

Name of Person Filing Exclusion:  Frank R. Sykora

$$1402^{00}$$
$$1300^{50}$$
$$\overline{2702\ 50}$$

$$1510\ 22$$
$$1307\ 22$$
$$\overline{2817\ 44}$$
$$2702\ 50$$
$$+\ 214\ 94\ \text{GAIN} \cdots$$

PURCHASES
   25 SHARES   06/27/2006 @ 56.00
   25  "     05/16/2006 @ 52.00

Sold
   25 Shares  08/03/2007 @ 56.29
   25  "    09/20/2007 @ 60.41

Pg 5  OF SETTLEMENT
   ITEM A )
      IF SOLD PRIOR TO JUNE 19-2008
         CLAIM SHARE IS ZERO

PG. 7   IF EXCLUSION REQUESTED ····
PHONE NO        Frank R. Sykora
                                    04/04/13



Mr. Frank R. Sykora



CEDAR RAPIDS IA 524

04 SEP 2013 PM 2 L

Justice
FOREVER

**RECEIVED**

SEP - 9 2013

CLAIMS CENTER

Coventry Securities Litigation *Exclusions*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990

COVENTRY





# Exclusion Cover Page

Case Name:  Coventry Healthcare, Inc

Case Code:  COVENTRY

Exclusion Deadline:  9/26/2013 (Postmark Date)

Name of Person Filing Exclusion:  Arne B. Erickson

09/09/2013

Coventry Securities Litigation
Exclusions
Claims Administrator
c/o Gilardi & Co.  LLC
PO Box 990
Corte Madera, CA  94976-0990

To whom It May Concern:

This is my exclusion from Coventry Litigation.  I have no record to support a claim.
I would also have had very few shares.   Vanguard shows no transaction for me during
the class action time.

This applies to Arne B Erickson, ███████████████████████

Sincerely,

*Arne B Erickson*
Arne B Erickson



DENVER CO 800

10 SEP 2013 PM 7 L

RECEIVED

SEP 13 2013

CLAIM CENTER

Arne Erickson

Cognetin Security Litigation
Exclusions
Claims Administrates
C/o Ricardi CCG LLC
PO Box 990
Costa Mesa CA 92626-8476 -



*COVENTRY-
EXCL00003*

RECEIVED EC

SEP 3 0 2013

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  Coventry Healthcare, Inc

Case Code:  COVENTRY

Exclusion Deadline:  9/26/2013 (Postmark Date)

Name of Person Filing Exclusion:  Elizabeth Joan Wilson

DATE: September 20, 2013

TO: Coventry Securities Litigation
Exclusions
Claims Administrator
4c Girardi + Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990
U.S.A.

FROM: Elizabeth Joan Wilson

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Telephone: ▓▓▓▓▓▓▓▓▓▓▓▓▓

RE: Coventry Healthcare, Inc.
Class Action

I hereby give you notice that I
wish to be excluded from the class.

My record of purchase and sale is.

Purchased: October 4, 2007
600 shares @ 60.577 = 36,346.20
Sold: March 14, 2008
500 shares @ 41.35 = 20,675.00
100 shares @ 41.3501 = 4,135.01
Total: 600 shares = 24,810.01

As I sold my shares prior to June 19, 2008,
my claim per share would be zero.

SIGNED: Elizabeth Joan Wilson
DATE: September 20, 2013



RECEIVED
SEP 30 2013
CLAIMS CENTER

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 21, 2013.

s/ David A. Rosenfeld

DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@rgrdlaw.com

818345_6

# Mailing Information for a Case 8:09-cv-02337-AW Plumbers Local No. 98 Defined Benefit Pension Fund v. Coventry Health Care Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Erin W Boardman**
  eboardman@rgrdlaw.com

- **Jonathan Gardner**
  jgardner@labaton.com

- **Alana Fran Genderson**
  agenderson@morganlewis.com

- **Daniel Frank Goldstein**
  dfg@browngold.com,tt@browngold.com,dma@browngold.com

- **Dana Whitehead McKee**
  dwm@browngold.com,snb@browngold.com,amay@browngold.com

- **Eben Orlando McNair , IV**
  emcnair@smcnlaw.com

- **Thomas Joseph Minton**
  tminton@charmcitylegal.com

- **Karen Pieslak Pohlmann**
  kpohlmann@morganlewis.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com

- **Daniel Stephen Sommers**
  dsommers@cohenmilstein.com,efilings@cohenmilstein.com

- **Marc J Sonnenfeld**
  msonnenfeld@morganlewis.com

- **Grace E Speights**

gspeights@morganlewis.com

- **Steven J Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)